JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>  Plaintiff,<br><br>  v.<br><br>CSP-LAC, et al.,<br><br>  Defendants. | NO. CV-20-7519-VBF (AGR)<br><br>**ORDER OF DISMISSAL** |

## I.
## BACKGROUND

On August 17, 2020, Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.)

On January 19, 2022, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 66.) The SAC named as defendants: (1) Dr. Lee; (2) Dr. Bernard Ramos; (3) Dr. Gian Hernandez; (4) the "medical staff nurses"; and (5) "any of the doctors that I was referred to," including ear, nose and throat (ENT) specialist Victor Kitt. (*Id.* at 3-4.)[1] All defendants were sued in their individual capacity

---

[1]  Page citations are to the page numbers assigned by the CM/ECF system in the header.

except that Plaintiff did not identify a capacity for the nurses.

On June 23, 2022, Defendants filed a Notice of Plaintiff's death. (Dkt. No. 77.) On June 27, 2022, the magistrate judge issued an order that explained further proceedings under Rule 25 of the Federal Rules of Civil Procedure upon the death of Plaintiff. Specifically, the order explained that a motion for substitution of the proper party must be filed within 90 after service of the order or service of the statement noting the death, whichever occurred later. The order required Defendants to serve a copy of the order on Plaintiff's next of kin and contained information regarding the Federal Pro Se Clinic in Los Angeles, Santa Ana and Riverside. (Dkt. No. 78.) Defendants filed the notice to Plaintiff's next of kin that attached the operative complaint, the notice of Plaintiff's death and the magistrate judge's order on June 29, 2022. (Dkt. No. 82.)

Rule 25 of the Federal Rules of Civil Procedure provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5." Fed. R. Civ. P. 25(a)(3).

The court must dismiss the lawsuit if a motion for substitution is not made by any party or by the decedent's successor or representative within 90 days after service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) "requires two affirmative steps in order to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record." *Id.* That requirement is satisfied by the Defendants' filing of the Notice of Death. *Moss v. Entzel*, 2020 U.S. Dist. LEXIS 27294, *7 (C.D. Cal. Feb. 13, 2020). "Second, the suggesting

party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233; *see Moss*, 2020 U.S Dist. LEXIS 27294, *7 (proofs of service upon identified family members). Defendants have satisfied this requirement. (Dkt. No. 82.)

No one has filed a timely motion for substitution within 90 days after service as required by Rule 25, and no one has requested an extension of time to do so.

## VI.
## ORDER

For the reasons discussed above, IT IS ORDERED that this action is dismissed without prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1096 (9th Cir. 2017).

DATED: __March 7__, 2023

_____
VALERIE B. FAIRBANK
United States District Judge